*709 R. GUY COLE, JR., Circuit Judge,
dissenting.
The majority concludes that because Giesse did not seek either reinstatement of medical services or reimbursement for payments made to maintain such medical services, his challenge was properly classified as a “grievance” and not as an appeal of an “organization determination.” I disagree.
Under the Medicare program at issue here, an appeal refers to “any of the procedures that deal with the review of adverse organization determinations on the health care services.” 42 C.F.R. § 422.561. “Organization determinations” include, inter alia, decisions made by an M + C organization (here, Kaiser) with respect to “[p]ayment for any other health services furnished by a provider other than the [M+C] organization that the enrollee believes ... should have been furnished, arranged for, or reimbursed by the [M + C] organization.” 42 C.F.R. § 422.566(b)(2)(ii). Giesse’s challenge to Kaiser’s termination of skilled nursing treatment included a request for compensation for payments made by him to Brookside Estates for services that he believed should have been furnished, or at least paid for, by Kaiser. Although Giesse requested other forms of relief that may not be available under Medicare, his claim that Kaiser refused to provide services that he believed should have been provided and his request for reimbursement of payments made to Brookside Estates, are exactly the kind of complaints that call for an “organization determination.”
Kaiser’s definitions of “appeal” and “grievance” support this categorization:
Appeal — A type of complaint you make when you want us to reconsider and change a decision we have made about what services are covered for you or what we will pay for a service. Grievance — Any written complaint or dispute other than one involving your request for us to reconsider and change a decision we have made about what services are covered for you or what we will pay for a service. Examples of complaints that will be resolved through the Grievance process are waiting times in physician offices; rudeness or unresponsiveness of [Kaiser] staff.
(Joint Appendix (“JA”) 410, 412.) Waiting times and customer service complaints are, therefore, entirely different from complaints about the termination of care and the reimbursement of payments made to another nursing facility; the former are grievances and the latter are complaints that require an organization determination.
Kaiser made such an “organization determination” in this case when it denied Giesse’s challenge. Significantly, after its denial, Kaiser directed Giesse’s complaint through the appeal process, which is reserved for disputes that have resulted in an “organization determination.” On review of this appeal, Maximus, without further explanation, provided: “We are dismissing your case. Your complaint is not a valid appeal for medical coverage. Your complaint is a grievance that must be answered by your Health Plan.” Although Giesse’s challenge may not have included an “appeal for medical coverage,” it did include an appeal for “[p]ayment for any other health services furnished by a provider other than the [M + C] organization that the enrollee believes ... should have been furnished, arranged for, or reimbursed by the [M + C] organization.” 42 C.F.R. § 422.566(b)(2)(ii). Kaiser’s denial of this request is an organization determination subject to appeal, notwithstanding Maximus’s erroneous categorization.
Indeed, after the ALJ dismissed Giesse’s challenge, on the basis of Maxi- *710 mus’s categorization of the complaint, and the challenge proceeded to the Center for Medicare & Medicaid Services within the Department of Health and Human Services, the Department questioned why Maximus labeled Giesse’s request for reconsideration as a grievance:
Although we recognize that much of the relief being sought by the appellant was outside of [Maximus’s] purview to act upon (e.g., interest, attorney’s fees, compensation for distress sale of personal residence), we question why [Maximus] did not make a determination of the appropriateness of [Kaiser’s] decision to terminate coverage of the daily inpatient SNF benefits as of 8/1/2003. This seems to be the exact kind of SNF termination issue that [Maximus] frequently used to review.
(JA 177; emphasis added.)
Giesse’s prayer for relief included a request for payment for services provided by Brookside Estates, which Giesse believed should have been furnished or reimbursed by Kaiser. Kaiser’s decision related to this request is an “organizational determination” that is subject to the Medicare appellate process. I would, therefore, reverse the district court’s judgment and remand for an administrative hearing.